## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| SCOTT WAYNE WINTER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil No. 11-4060-CV-C-NKL-P |
| | ) | Crim. No. 08-CR-04052-NKL |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

## ORDER

Before the Court is Scott Wayne Winter's Motion to Vacate, Set Aside, or Correct

Sentence under 28 U.S.C. § 2255 [Doc. # 1].  For the reasons set forth below, the Court

denies the motion in part and grants an evidentiary hearing to resolve Winter's claim that

his attorney failed to file a Notice of Appeal after agreeing to.

## I.      Background

On September 1, 2009, Winter pled guilty to a single count of conspiracy to

distribute and possess with intent to distribute 50 grams or more of methamphetamine.

He was sentenced on February 11, 2010, to the mandatory minimum of 240 months.  On

February 16, 2011, Winter timely filed his *pro se* 28 U.S.C. § 2255 motion seeking to set

aside his conviction based on four theories of ineffective assistance of counsel.  On April

1, 2011, Winter filed a motion for immediate release from prison pending the Court's

ruling on this § 2255 motion. Winter also filed a request for admissions and interrogatories on May 9, 2011, as well as a motion for limited discovery.

## II.    Evidentiary Hearing

On a motion to vacate, a movant is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief. *See Payne v. United States*, 78 F.3d 343 (8th Cir. 1996). However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face. *Id*. Moreover, a district court need not hold an evidentiary hearing in a section 2255 case when the files and records conclusively show that the movant is not entitled to relief. *See Bradshaw v. United States*, 153 F.3d 704 (8th Cir. 1998). After reviewing the records and files, the Court concludes that three of Winter's four claims can be fully and fairly evaluated on the existing record and no evidentiary hearing is necessary. However, as the Government concedes, Winter's fourth claim that his counsel did not file his requested Notice of Appeal warrants an evidentiary hearing. *See Holloway v. United States*, 960 F.2d 1348, 1356-57 (8th Cir. 1992).

## III.    Discussion

Winter's first three claims relate to his argument that this Court lacked subject matter jurisdiction in his criminal case and that Winter's attorney was ineffective by failing to move to dismiss his indictment for lack of subject matter judgment. He claims that because the State of Missouri is not defined as a 'State of the United States'," this Court lacks subject matter jurisdiction over his criminal cases [Doc. # 1 at 4]. In his

attached memorandum, Winter explains that the ineffective assistance was his attorney's lack of awareness that "the State of Missouri is not a State of the United States under the Tenth Amendment and its jurisprudence" [Doc # 1 at 20].

While a Sixth Amendment ineffective assistance of counsel may usually be raised under section 2255, "a movant faces a heavy burden." *Id.*

> A claim of ineffective assistance of counsel [under § 2255] must be scrutinized under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland,* in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must prove both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case. The first part of the test is met when the defendant shows that counsel failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances. The second part is met when the defendant shows that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Id.* (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)).

Under the first prong of *Strickland*, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* Under *Strickland*'s second prong, the defendant also bears the burden of proving that the ineffective performance prejudiced his defense. *French v. United States*, 76 F.3d 186, 188 (8th Cir. 1996). Such a showing requires proof of a reasonable probability that the result would have been different but for counsel's deficient performance. *Id.* "A

'reasonable probability' is one which is 'sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

For his first three claims, Winter fails to meet this heavy burden because Winter does not show actual prejudice that resulted from alleged errors. Winter's first claim, that his attorney failed to move to dismiss his charges because the State of Missouri is not defined as a "state" of the United States is without merit. This Court had subject matter jurisdiction in Winter's criminal case because it involved a violation of federal criminal laws. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the Courts of the states, of all offenses against the laws of the United States."). Any argument concerning the status of Missouri as a state does not affect the application of this statute.

Winter's second claim that the "Single Count, as applied, violated the Tenth Amendment" [Doc # 1 at 5], also fails. There is no support for Winter's argument that Missouri is not a "state" for purposes of either the Tenth Amendment or the federal criminal code, as 21 U.S.C. § 802(26) defines a state as "a state of the United States," obviously including Missouri. The Tenth Amendment does not alter Missouri's status as a state.

Finally, in his third claim, Winter argues that he was prejudiced by counsel's performance in not moving to dismiss his charges on the grounds described in his first two claims. Because there is no merit to Winter's legal argument that this Court lacked

subject matter jurisdiction or that the Tenth Amendment was violated by his conviction, his counsel's performance cannot be deficient. Counsel is not obligated to raise a clearly frivolous claim. Moreover, no prejudice could have ensued because Winter's counsel would have been unsuccessful even if he had raised these claims.

Winter's two motions for discovery pertain exclusively to his contentions in his first three ineffective assistance of counsel claims [Docs. ## 10, 11]. Although the Court has discretion to permit discovery "for good cause," no good cause has been shown in this case. *See* Rule 6(a) of the Rules Governing Section 2254 Cases; *see also Smith v. United States,* 618 F.2d 507, 509 (8th Cir. 1980). The discovery requested would not illuminate any issues relevant to these proceedings as the Court finds that Winter's first three claims are without merit. As such, Winter's motion for immediate release from prison pending the Court's disposition on this § 2255 motion [Doc. # 6], which is similarly predicated on his first three claims, also fails.

However, in Winter's fourth claim he argues that his counsel was ineffective because he failed to file an appeal and "[p]etitioner was told counsel would appeal sentence" [Doc. # 1 at 9]. Additionally, in Winter's January 11, 2011 motion for an extension of time to file an appeal, Winter states "I have asked my attorney Charles Dauglas Shull [sic] the day of my sentencing to a[p]peal[.] I have not heard from him" [Doc. # 108 at 1]. Failure to file an appeal if requested would constitute ineffective assistance of counsel, even without a showing of prejudice. *Holloway v. United States*,

960 F.2d 1348, 1356-57 (8th Cir. 1992). Although Winter's allegation lacks specificity, "[a] petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). Because neither the motion nor the record conclusively shows that Winter is not entitled to relief, this issue can only be resolved after an evidentiary hearing.

**IV.    Conclusion**

Accordingly, it is hereby ORDERED that Scott Wayne Winter's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED as to his first three claims of ineffective assistance of counsel. Additionally, Winter's discovery motions [Docs. ## 10, 11] are DENIED. Winter's motion for immediate release pending the Court's ruling on this § 2255 motion [Doc. # 6] is also DENIED. An evidentiary hearing is necessary with respect to petitioner's fourth claim that his counsel was ineffective for failing to file a Notice of Appeal.

The Federal Public Defender's Office will be appointed to represent Winter at that hearing.

**s/ Nanette K. Laughrey**
NANETTE K. LAUGHREY
United States District Judge

Dated:  June 30, 2011
Jefferson City, Missouri